[Cite as *In re L.M.S.*, 2020-Ohio-2812.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN RE MINOR CHILD: L.M.S. | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| | : | |
| | : | |
| | : | |
| | : | Case No. 19 CAF 12 066 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Case No. 190300PAD

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      May 5, 2020

APPEARANCES:

For Appellant - Father

LINDA J. LAWRENCE
RODD S. LAWRENCE
24 West William Street
Delaware, OH  43015

For Appellee

TODD A. WORKMAN
25 N. Sandusky Street
Delaware, OH  43015

*Wise, Earle, J.*

{¶ 1}   Appellant A.C appeals the judgment of the Delaware County Court of Common Pleas Probate Division denying his Motion for Stay and Dismissal in the pending adoption of L.M.S. Appellee-Petitioners (Petitioners) are the great-grandparents of L.M.S.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   L.M.S. was born on February 7, 2018 as the result of a relationship between Appellant and M.S. (Mother). Appellant was not present during the birth and did not sign the birth certificate.

{¶ 3}   On June 6, 2018, the Delaware County Job and Family Services filed a dependency and neglect complaint in the juvenile court. This file was not part of the record before us and the facts pertaining to that matter have been gleaned from undisputed facts contained in the record of adoption.

{¶ 4}   Appellant was served on the dependency and neglect case via certified mail and publication. However, Appellant was not present at any hearing on the matter, and did not comply with orders to submit to paternity testing on five separate occasions as he was either incarcerated or in a rehabilitation facility.

{¶ 5}   On August 26, 2018, M.S. passed away and Petitioners received custody of L.M.S.

{¶ 6}   On March 26, 2019, Petitioners filed a Petition for Adoption of L.M.S. The petition included an Application for Search of Ohio Putative Father Registry, and a subsequent certification indicating no putative father was registered on behalf of L.M.S.

{¶ 7}   On June 24, 2019, Appellant filed a Motion for Establishment of Paternity and Custody in the Delaware County Juvenile Court.

{¶ 8}   On August 9, 2019, after learning of Petitioners adoption petition, Appellant filed a Motion for Stay and Dismissal in the Probate Court. On August 26, 2019, Appellant was found to be the biological father of L.M.S. in the juvenile court case.

{¶ 9}   In the adoption matter, the parties stipulated: (1) Appellant and Mother were not married at the time of conception or birth of L.M.S; (2) no father appears on the birth certificate of L.M.S.; (3) Appellant did not register with the Ohio Putative Father Registry on behalf of L.M.S.; (4) Appellant had not established paternity before the adoption action was filed; (5) no acknowledgement of paternity was signed.

{¶ 10} On November 19, 2019, Appellant's Motion for Stay and Dismissal was denied. The trial court found Appellant's consent was not necessary for the court to proceed with the adoption because Appellant had not registered as the putative father of L.M.S or otherwise established his paternity prior to the time Petitioners filed their petition for adoption.

{¶ 11} Appellant filed an appeal and the adoption was stayed pending the outcome. The matter is now before this court for consideration. Appellant raises one assignment of error:

I

{¶ 12} "FATHER HAD A DEVELOPED RELATIONSHIP WITH THE MINOR CHILD AND, THEREFORE, THE APPLICATION OF ORC §3107.06 TO PUTATIVE FATHER, WITHOUT CONSIDERATION OF FATHER'S DEVELOPED RELATIONSHIP WITH THE CHILD, VIOLATED FATHER'S SUBSTANTIVE DUE PROCESS RIGHTS."

{¶ 13} In his sole assignment of error, Appellant argues that because he had a developed relationship with L.M.S, his consent is required before adoption can proceed,

and further, by failing to consider his relationship with L.M.S., the trial court violated Appellant's substantive due process rights. We disagree.

{¶ 14} Although Appellant raises a due process argument, he does not directly challenge the constitutionality of the applicable statutes here on appeal, nor did he below. Instead, his argument was that he should be heard in the adoption matter before the adoption was finalized. The trial court provided that opportunity in its August 20, 2019 judgment entry stating:  "If [Appellant] wishes the Court to consider whether his consent is necessary for this adoption to proceed, he shall submit to the Court, no later than the close of business on September 6, 2019, a brief or memorandum outlining the legal basis for his intervention in this matter, and the basis under which he claims to have standing to object under 3107 of the Ohio Revised Code."

{¶ 15} Appellant submitted a brief on the matter, an affidavit, and various exhibits. The record is devoid of any evidence to support Appellant's claim that the trial court failed to consider these items. Our standard of review therefore, is abuse of discretion.

{¶ 16} In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 17} R.C. 3107.06 is the consent statute for adoption of a minor and states in relevant part:

> Unless consent is not required under section 3107.07 of the Revised Code, a petition to adopt a minor may be granted only if written consent to the adoption has been executed by all of the following:

(A) The mother of the minor;

(B) The father of the minor, if any of the following apply:

(1) The minor was conceived or born while the father was married to the mother;

(2) The minor is his child by adoption;

(3) *Prior to the date the petition was filed*, it was determined by a court proceeding pursuant to sections 3111.01 to 3111.18 of the Revised Code, a court proceeding in another state, an administrative proceeding pursuant to sections 3111.38 to 3111.54 of the Revised Code, or an administrative proceeding in another state that he has a parent and child relationship with the minor;

(4) He acknowledged paternity of the child and that acknowledgment has become final pursuant to section 2151.232, 3111.25, or 3111.821 of the Revised Code.

(C) The putative father of the minor;

* * *

{¶ 18} Emphasis added.

{¶ 19} R.C. 3107.062 addresses the putative father registry and states:

The department of job and family services shall establish a putative father registry. To register, a putative father must complete a registration form prescribed under section 3107.065 of the Revised Code and submit it to the department. The registration form shall

include the putative father's name; the name of the mother of the person he claims as his child; and the address or telephone number at which he wishes to receive, pursuant to section 3107.11 of the Revised Code, notice of any petition that may be filed to adopt a minor he claims as his child.

A putative father may register at any time. For the purpose of preserving the requirement of his consent to an adoption, a putative father shall register before or not later than fifteen days after the birth of the child. No fee shall be charged for registration.

On receipt of a completed registration form, the department shall indicate on the form the date of receipt and file it in the putative father registry. The department shall maintain registration forms in a manner that enables it to access a registration form using either the name of the putative father or of the mother.

{¶ 20} Appellant argues he had an established parent-child relationship with L.M.S. According to Appellant, before Mother's death, and before his incarceration, he was able to see L.M.S almost weekly from March 2018 through June 2018, and provided Mother with financial support during that time. All of this was unbeknownst to Petitioner's as they disapproved of Appellant's relationship with Mother and because there was a 5-year protection order in place. Appellant argues that these facts establish that he had cultivated a relationship with L.M.S., a fact that the probate court should have considered but did not in violation of his due process rights.

{¶ 21} First, as noted above, there is no evidence in the record to support a finding that the trial court failed to consider Appellant's argument of an established relationship and Appellant points to none.

{¶ 22} Next, although paternity was eventually established in the juvenile court matter, the finding was made after Petitioners filed their petition for adoption and therefore any finding in the juvenile court matter is inapplicable to the adoption matter pursuant to R.C. 3107.06(B)(3).

{¶ 23} Finally, even assuming Appellant did cultivate a relationship with L.M.S. between March 2018 and June 2018, he stipulated he was not married to Mother at the time of conception or birth of L.M.S, does not appear on the birth certificate of L.M.S, did not register his name with the Ohio Putative Father Registry on behalf of L.M.S, that no court or administrative action established paternity of L.M.S. before the Petitioners filed their petition for adoption, and that no acknowledgement of paternity had been signed prior to the petition for adoption was filed. Appellant cannot, therefore be legally recognized as father or putative father under Ohio adoption law and his consent to adoption is not required. While we are not unsympathetic to Appellant's position, he quite simply acted too late under Ohio law.

{¶ 24} The trial court is bound by the applicable statutes in this matter, and we find no abuse of discretion in the trial court's compliance with the same. Appellant's sole assignment of error is overruled.

{¶ 25} The judgment of the Delaware County Probate Court is affirmed.

By Wise, Earle, J.
Wise, John, P.J. and
Baldwin, J. concur.
EEW/rw